AUGUST C. DURLING

*v.*

JOHN V. STILLWELL et ux., et al.

[Decided May 21st, 1908.]

Where one is in possession of mortgaged premises under an agreement to purchase and pays part of the consideration money, he is entitled to be reimbursed his payments out of the surplus arising upon a sale under foreclosure, in preference to judgment creditors whose judgments were recovered subsequent to the execution of the contract of purchase and entry into possession by the vendee; provided he had no actual notice of the entry of the judgments before making any payment, or, if he had such notice, still he would be entitled to the surplus if he were under constraint to make payments on account of the purchase-money by reason of the forfeiture of what he had already paid in the event of his default.

---

On bill to foreclose. On application for surplus money.

*Mr. Peter Stillwell,* for the defendant Nathaniel S. Dankel, petitioner for surplus money.

*Mr. George H. Large,* for the defendants Thomas Moore and others, judgment creditors.

WALKER, V. C.

By the interlocutory decree in this cause it was referred to J. L. Connet, Esq., one of the masters of this court, to ascertain and report the amount due to the complainant upon the mortgage held by him and also the amount due, if anything, to the answering defendants upon their respective judgments, and to report accordingly, and also to ascertain and report the order and priority of the several judgments, respectively. The master reported on November 22d, 1907, what was due to the complainant for principal and interest on his mortgage on that day, and also the amounts due to the several judgment creditors of the mortgagor, respectively, and final decree was thereafter duly entered and a writ of *fieri facias* was therein ordered to be issued to the sheriff of the county of Hunterdon, to whom the same was afterwards delivered, and who made sale of the mortgaged premises described in the bill of complaint, and after the payment and satisfaction of the complainant's mortgage, principal, interest and costs, there remained in the hands of the sheriff $759.74, the surplus money arising from the sale of the mortgaged premises, which would be payable to the judgment creditors of the mortgagor, unless the claim therefor of the defendant Nathaniel S. Dankel is valid.

The complainant's mortgage was made on February 2d, 1897, and recorded three days afterwards. Prior to the making and recording of this mortgage and in November, 1896, the mortgagor entered into a written agreement with N. S. Dankel, which was not acknowledged until October 8th, 1898, and which was recorded on that day. The bill alleged that by virtue of the agreement referred to, which was an agreement for sale, Dankel and his wife claim some interest in the premises, but that any interest they had was subsequent and subject to the lien of the complainant's mortgage. They, Dankel and wife, did not answer and the bill was taken as confessed against them.

The defendant Dankel has filed a petition for the surplus money in this cause upon the ground that his contract of purchase and his entry into possession of the mortgaged premises pursuant thereto, from the date of the recording of the agreement, namely, October 8th, 1898, and his continued possession

thereof up to the time of the filing of the petition, March 5th, 1908, which was after the time of sale, and his having, during all that time, and up to the time of the service upon him of the subpœna to answer in this cause, made all of the payments required by the terms of the contract (leaving a balance of purchase-money due, amounting to $1,260), entitles him to receive the surplus moneys arising from the sale.

By the terms of the contract above mentioned, which was before the court, Stillwell agreed with Dankel to sell him a house and lot containing forty-four-hundredths of an acre, more or less, being part of the mortgaged premises, for the sum of $1,-900, to be paid in monthly payments of not less than $5, with interest payable monthly on the balance, and if he, Dankel, should fail to make the payments aforesaid, then he should surrender possession of the property to J. V. Stillwell, and when he should have paid the sum of $1,900, with interest, then the property should belong to him, and Stillwell should deliver him a deed for the premises. Endorsements of the receipt of payments on account, and interest, attached to the agreement, indicate that the payments were properly made. In fact this is conceded. While the petition does not aver that Dankel had no notice of the judgment recovered against John V. Stillwell, the mortgagor, which ranged from September 11th, 1900, to April 27th, 1906, that fact also was conceded upon the hearing of the application for surplus money.

In applying for an order to pay the surplus money into court, counsel for Dankel pointed out that while the master reported upon the priority of the several judgments as between themselves, the bill made no allegation in that respect, and that the master's report with reference to that subject was a violation of rule 24 of this court, which provides that where the bill in a foreclosure suit shall be ordered to be taken as confessed against the defendant, no report or decree shall be made by which his rights or claims are postponed to those of any other defendant unless the priority of the rights or claims of such other defendant and the facts upon which it depends are distinctly set forth in the bill. Now, there is no allegation in the bill as to any pri-

ority of the rights of the judgment creditors over the interest of Dankel in the mortgaged premises. The allegation in respect to both interests is that they are subsequent to the mortgage of the complainant, and no reference is made as to any claimed priority as between themselves. The master took no notice of Dankel's interest in the mortgaged premises, and properly so, for he was not directed to report upon it.

Dankel now claims that he is entitled to all of the surplus money, as he was the equitable owner of the mortgaged premises at the time of the foreclosure sale to the extent of his investment under his contract of purchase, to the exclusion of the judgment creditors, whose judgments against the mortgagor were all recovered subsequent to the recording of his contract of sale and entry into possession of that part of the mortgaged premises, which was comprehended under the terms of his agreement. In support of his contention his counsel cites *Ward* v. *Cooke, 17 N. J. Eq. (2 C. E. Gr.) 93,* and *Moyer* v. *Hinman, 13 N. Y. 180.*

The first case, *Ward* v. *Cooke,* is applicable on principle. In that case it is held that a mortgage given to secure future advances, duly registered, is good not only as against the mortgagor, but is entitled to priority over subsequent encumbrances for all advances made prior to actual notice of the subsequent encumbrance; that if the first mortgagee has knowledge of the existence of a second mortgage upon the estate, he cannot give further credit upon his prior mortgage, provided it is entirely optional with him whether to make further advances or not. Now, I cannot see that one who has advanced money upon a mortgage security, and who is to make further advances thereunder, is in any different situation from one who has advanced money upon a contract of purchase, and is to make further advances under the contract. And in the case under consideration it will be remembered that if Dankel stopped paying installments of the purchase-money he would forfeit what he had paid. It was not entirely optional with him whether to make further payments or not, but he was, in that respect, under constraint. The case of *Ward* v. *Cooke,* therefore, is, as I have said, an authority for Dankel's position.

The second case, *Moyer* v. *Hinman,* which was followed in *Smith* v. *Gage, 41 Barb. 60,* is on all fours with the case at bar. In that case (*Moyer* v. *Hinman, 13 N. Y. 180*) the syllabus reads as follows:

"1. The lien of a judgment on lands is subject to the equitable rights of a party in the occupation thereof, under a prior contract to purchase the same from the judgment debtor.

"2. The docketing of the judgment is not notice thereof to such purchaser; and payments subsequently made by him to the judgment debtor pursuant to his contract, without actual notice of the judgment, are valid as against its lien upon the land.

"3. And where, while the purchaser of land by contract was in possession, a judgment was recovered against the vendor, and the land sold on an execution issued thereon and bid off by the plaintiff in the judgment, who transferred the sheriff's certificate to a third person, to whom the sheriff executed a deed; and the purchaser, after the sale on execution and before the sheriff conveyed, without actual notice of the judgment or the proceedings thereon, made payments pursuant to his contract to the judgment debtor—*Held,* in an action by purchaser against the grantee in the sheriff's deed for a specific performance of the contract, that such payments were valid, and that the latter was bound to convey the land on being paid the amount due on the contract after applying the payments made to the judgment debtor."

The principle stated in *Moyer* v. *Hinman* was approved by Vice-Chancellor Green in *Murch* v. *Smith Manufacturing Co., 47 N. J. Eq. (2 Dick.) 193–196.* The facts in the case of *Murch* v. *Smith Manufacturing Company* bear no relation to those in *Moyer* v. *Hinman,* but that case (*Moyer* v. *Hinman*) was appositely cited by Vice-Chancellor Green as authority for the principle for which it stands.

I am clearly of opinion that the petitioner, Dankel, is entitled to the surplus money, and will so advise. On this application neither party is entitled to costs against the other.